UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSA SLY
    Plaintiff,                                                        Case No.:
v.

DENIS McDONOUGH, Secretary
U.S. Department of Veterans Affairs,
    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## INJUNCTIVE RELIEF REQUESTED

Plaintiff, Rosa Sly, complains of Defendant, Denis McDonough as Secretary of the Department of Veterans Affairs as follows:

1. This court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* including 42 U.S.C. § 2000e-16 and 42 U.S.C. §2000e-2(m).

2. Plaintiff has complied with all jurisdictional prerequisites to action under Title VII of the Civil Rights Act of 1964 as amended including having exhausted her administrative remedies.

3. C.W. Young Healthcare System (Young VAHCS) is a Veterans Administration (VA) hospital and medical center with related services. It is located in Bay Pines, Pinellas County, Florida. It is broken down into various services, including the Medical Records Administration. Plaintiff Sly (race Black) has been employed as Medical Records Administrator since 2008. Sly is a supervisor of release of information at this facility. She is in charge of several subordinates. Plaintiff Sly has

worked at Young VAHCS for the past thirty-eight years in various roles. Until recently Sly has been evaluated as outstanding and was Young VAHCS employee of the year in 2008.

4. Suzanne M. Klinker (Klinker) was the Medical Director of Young VAHCS. She started in May 2012. Kristine Brown (Brown) was hired by Young VAHCS on or about February 2006, as a health systems specialist in the executive office. She worked for Dr. George Van Buskirk, the Chief of Staff (COS). In September 2007, Brown was selected and took the position of Associate Director for the Bay Pines V.A. Health Care System. She worked with Wallace Hopkins, the Director of Young VAHCS. Since December 2009, Brown has been either the Associate Director or Acting Director of Young VAHCS when there was no medical director. In May 2012 Suzanne Klinker became the Director of Young VAHCS.

5. At all times material to this complaint, RMO Donna Griffin-Hall (Griffin-Hall) was the Plaintiff's service chief. She became the Chief, Business Office Service GS-14 in June 2014. She has overall managerial control of the service and strong influence over its operations. She is the Plaintiff's supervisor/manager.

6. Marcia Powell is the Section Chief of Health Information Management Services (HIMS) and Plaintiff's Supervisor.

7. Tanya Burton is an attorney with the Office of General Counsel at Young VAHCS.

8. Cynthia Laureano is a Human Resources specialist at Young VAHCS.

**Pattern, Practice, Habit and Routine:  Retaliation**

9. The Defendant has engaged in harassment of employees and a pattern and practice of retaliation that satisfies admissibly under Rule 404(b) of the Federal Rules of Evidence relating to those who engage in Equal Employment Opportunity ("EEO") activity, including requests for reasonable accommodations for disability. The employees include those opposing harassment, discrimination and retaliation, as well as, the filing of informal and formal EEO claims, participation in EEO activities, or participation as a witness on behalf of fellow employees' EEO claims for many years.  This retaliation for EEO activity went on throughout all material times of the instant complaint. In or about 2005 and 2006 Chief of Staff, George Van Buskirk (Van Buskirk) and Director Wallace Hopkins (Hopkins) created a scheme to retaliate against employees who engaged in EEO activity including efforts to destroy their careers and reputations.  See *Gowski v. Peake,* 682 F.3d 1299 (11th Cir 2012). Brown worked closely with Van Buskirk and then with Hopkins. She took actions then and after to retaliate or assist retaliation. Subsequently, Brown has made statements reflecting animosity to EEO activity and to black managers.  She has also taken actions showing retaliatory and discriminatory animus. In addition, Brown's denials of race as a motivating factor for discrimination have been contradicted by admissions made by Griffin-Hall about Brown's articulated negative feelings about black managers.  In 2013 Brown directed a supervisor not to hire an employee from the Palo Alto VA

3

facility because she engaged in EEO activity. Brown's denials of that were rejected by an administrative judge in or about 2015 after a hearing in which the employee prevailed on a retaliation complaint in which Brown was the principal responsible management official (RMO). Actions and statements regarding discrimination and retaliation include her historic association with Young VAHCS's (Bay Pines) retaliation scheme involving, *inter alia,* Sabrina Patrick (black), the *Cote* case, Case No. 8:07-cv-01524-T-TBM litigated in Federal District Court in Tampa, and upheld in *Gowski, supra,* which ended up as a multimillion-dollar verdict against the Department of Veterans Affairs, as well as in several other cases involving VA employees including Mary Mells (black) and Mathis Dudley (black) and the Bay Pines Police Department.

10.     Among numerous Bay Pines employees that have been retaliated against for engaging in EEO and other protected activity such as request for reasonable accommodation for disabilities, including, *inter alia*, Patrick, Gowski, Cote, Dr. Sally Zachariah, Dr. Jacques Durr, Dr. Valpersia Gainers-Hasugluw, Ms. Roxanne Lainhart-Bronner, Dr. Selim Elzayat, Ms. Pamela Trimble, Dr. Michel Vandormael, Dr. David Johnson, Dr. Lynn Anderson, Mathis Dudley, Dr. Todd Kaleel, Ann Spackman, Aldona Sich, Kathleen Reilly, Mary Mells, Noris Babb, Paul Jones, Michael Corcoran, Jason Atkinson, Walter Slam, Darin Oakes, Matthew Gustin, Thomas Jaquis, Kendra DiMaria, Chad DiMaria, Tim Torain, Christopher Walz, Rosa Sly and Devona Hollingsworth.  Brown played key roles in most of those cases.

## **GENERAL ALLEGATIONS**

4

## Reprisal

11. The VA has regularly given AA to plaintiff's in Federal Court to attend depositions of other witnesses except in a few recent cases. The only Assistant Regional Counsel we are aware of, who has objected to official leave or authorized absence (AA) being given is Tanya (T.B.) Burton. In Sly's Federal Case, and the present case a Federal Court and administrative judge, respectively, found sufficient evidence of discrimination and retaliation to survive MSJ's involving the respective RMOs involved in the denial of AA. Ms. Burton has expressed hostility to EEO cases, taken actions hostile to EEO complaints and has exhibited hostility to several of this office's clients.

## MATERIAL FACTS

12. In *Babb v. Robert McDonald, Secretary, Department of Veterans Affairs, Agency,* Appeal No., 0120162480, Agency No.,200I-0516-2016102804. The EEOC stated:

> At the time of events giving rise to this complaint, Complainant worked as a Clinical Pharmacist at the agency's C.W. Young Veterans Affairs Medical Center, Applied Health Services Pharmacy Service in Bay Pines, Florida.
>
> On April 27, 2016, Complainant filed a formal complaint alleging that the Agency discriminated against her based on reprisal for prior protected equal employment opportunity (EEO) activity under Title VII and the ADEA when on February 16, 2016, February 18, 2016, and February 19, 2016, it denied her official time to attend the depositions of management officials in her civil action EEO court case. Instead, she used annual leave (Footnote Omitted.)
>
> The Agency dismissed the Complaint for failure to state a claim. It reasoned that a complaint regarding the denial of official time does not state a claim, rather it regards a violation of Equal Employment Opportunity Management

Directive for 29 C.F.R part 1614 (EEO MD-110), (Revised Aug. 5, 2015) and 29 C.F.R §1614.605, and the Commission has the authority to remedy a violation of its official time regulation without an EEO complaint being filed and investigated.

On appeal, Complainant argues that her right to attend the depositions in pay status, administrative leave, or court leave for her civil action is protected by EEO law outside EEO MD-110. She argues that Agency supervisors were granted administrative or court leave to attend depositions.

In opposition to the appeal, the Agency argues that there is no evidence that Agency supervisors were granted leave to attend depositions other than their own and that the FAD should be affirmed.

ANALYSIS AND FINDINGS

The Commission has a policy of considering reprisal claims with a broad view of coverage. See Carroll v. Department of the Army, EEOC Request No. 05970939 (April 4, 2000). Under Commission policy, claimed retaliatory actions which can be challenged are not restricted to those which affect a term or condition of employment. Rather, a complainant is protected from any discrimination that is reasonably likely to deter protected activity. Equal Employment Opportunity Management Directive for 29 C.F.R. part 1614 (EEO MD-110), at 5-19 (Revised Aug. 5, 2015); Carroll.

The Agency dismissed the Complaint for failure to state a claim. It reasoned that a complaint regarding the denial of official time does not state a claim, rather it regards a violation of Equal Employment Opportunity Management Directive for 29 C.F.R. part 1614 (EEO MD-110), (Revised Aug. 5, 2015) and 29 C.F.R. § 1614.605, and the Commission has the authority to remedy a violation of its official time regulation without an EEO complaint being filed and investigated.

While we agree with the Agency's position regarding official time in the administrative EEO complaint process, the official time language in 29 C.F.R. § 1614.605 and EEO MD-110 only apply to the EEO administrative process governed by 29 C.F.R. part 1614, not to civil action proceedings in courts.

Accordingly, we view this case like any other where a Complainant alleges reprisal regarding the denial of being in pay status or denial of requested leave. In this case we find that this would reasonably likely deter EEO activity. Accordingly, the FAD is REVERSED.

13. Plaintiff has a Federal Court complaint, Case No. 8:17-cv-01868-AAS, alleging violation of Title VII including retaliation which is set for trial on April 17, 2023.

14. Plaintiff had discovery, including depositions, conducted in Federal Court Case No. 8:17-cv-1868-T-33-AAS alleging violation of Title VII.

15. Plaintiff sought AA to attend depositions in her Federal Court Case.

16. In the first case litigating these issues, *Babb v. Wilkie,* 8:20-cv-2825-MSS-CPT, EEOC No. 510-2017-00295X, Agency Case No. 200I-0516-2016102804, the investigator provided statements and testimony by Carolyn Combs, Gary Wilson and Tanya Burton. It is clear that both Mr. Wilson and MS. Burton were aware of the Complainant's EEO activity. Wilson testified that Regional Counsel told him that Annual Leave had to be taken. Obviously, her deduction, if that is what it was, is not evidence of a policy.

17. In *Babb*, Ms. Burton originally admitted that she relied on rules (MD-110) which apply exclusively to EEO Administrative complaints to deny the request, because the request was in Federal Court. She later altered this testimony to claim that in February 2016 another attorney advised her she could do this. However, Burton had already denied it in *Trask and Truitt,* Case No. 8:13-cv-536-T-35TBM in February 2015 for a trial deposition after their supervisor and HR approved AA for twelve depositions.

18. Contrary to the notion of an Agency policy against AA, there have been numerous cases filed in Federal Court where complainants/plaintiffs have received official time (AA) when they attended depositions or hearings or trials in Federal Court. Among the cases in which this happened are:

- *Trimble v. Shinseki,* 8:13-cv-0548-T-35TBM
- *Anderson v. Shinseki,* 8:11-cv-1507-T-17TGW
- *Cote, et al v. Nicholson,* 8:07-cv-01524-T-30TBM, involving four plaintiffs
- *Gainers v. Shinseki,* 8:10-cv-0215-VMC-TGW
- *Patrick v. Shinseki,* 8:11-cv-00466-RAL-AEP
- *Tonkyro, et al. v. Wilkie,* 8:16-cv-2419-T-36AEP, involving four plaintiffs.
- *McLain v. Shulkin,* 8:17-cv-1283-WFJ-CPT
- *Bell v. McDonough,* 8:20-cv-1274-T-33-CPT

Sly identified several other employees that received AA to attend depositions.

19. All management witnesses receive AA for depositions or trial.

20. Ms. Burton knows that AA has been given in Federal Court proceedings because she was involved in several of these cases. She also knows after counsel with HR, MD-110 is designed to prevent an economic impairment for complainants to file EEO claims. In fact, it covers many of the aspects of an EEO proceeding.

21. The VA does have a written process for obtaining AA. The employee requests it of the supervisor who is to seek advice from HR. There is also oversight from the traditional supervisory chain of the facility. As written, attorneys have no direct involvement in that process. Traditionally the practice has been to approve AA for employees that ask for it. However, the attorneys involved in the *Trask and Truitt* case decided to by-pass that process by using the fact that MD-110 did not apply to

Federal Court cases and thereby avoid the written process and the traditional practice of granting AA. Ms. Burton was involved in making those decisions along with management officials who had been accused by the persons seeking AA to have retaliated or discriminated against them.

22. Sly was repeatedly given AA by Marcia Powell to attend depositions of witnesses in Federal Court on March 18-22, 2019 as well as May 29-31, 2019. The Section Chief of HIMS (Powell) has the authority to approve leave and was never told about a policy against AA for deposition purposes in Federal Court prior to when she began denying that leave on June 20, 2019.

23. Due to time limitations and missing documents Donna Griffin-Hall was deposed on three occasions, March 18, June 18 and July 9, 2019. On June 20, 2019 Powell told Plaintiff she was going to deny AA. Subsequently, on July 10, 2019 she retroactively denied AA back to May 29-31, 2019, June 18 and 19, 2019 and July 9, 2019. She did not go back to AA approved for March. Donna Griffin-Hall, accompanied by Ms. Burton, was deposed with Plaintiff present just two days before the June 20, 2019 conversation between Powell and Plaintiff and one day before the denials were documented.

24. Ms. Burton was previously involved in an EEO case involving Pamela Trimble and was found by a related AIB to have inflamed an existing hostile work environment while supposedly acting as an attorney in the related EEO case. The AIB

report stated: "Information divulged by T.B. Burton, in the course of ongoing related litigation, inflamed an already divisive and hostile environment in cardiology."

25. A Federal Court has found evidence was sufficient in *Sly v. Secretary, Department of Veterans Affairs*, the case in which the depositions were taken, to deny summary judgment on retaliation claims against this Agency, including by Donna Griffin-Hall.

26. There is no evidence substantiating that the Agency denial of the Plaintiff's request complied with existing leave and Agency policies.

27. All Agency witnesses took AA. Officials that act in a representative capacity, would be given official time in relation to any aspect of the Plaintiff's complaint in Federal Court. However, the Agency denied the Plaintiff those rights.

28. The Agency had no legitimate reason to deny AA. Despite many years of Title VII cases in Federal Court the Agency could not find any official support for its denial of AA or official time to a Title VII plaintiff to attend depositions. It moreover in *Babb* admitted it had no evidence substantiating that its denial of Plaintiff's AA request complied with existing leave or Agency policies. If allowed on this record, the Agency's behavior would lead a torrent of retaliatory action. In fact, since 2016 a couple of other cases have involved plaintiffs not receiving AA. We as yet do not have discovery on why that happened. It is a violation of Title VII under *McDonnell Douglas* and a "but-for" analysis, as well as an improper consideration under

the *Babb v. Wilkie* standard in a case where the Agency cannot support the same decision defense.

29.    Plaintiff filed her formal complaint, 200I-0516-2019104265 on July 19, 2019. On December 4, 2019 Plaintiff requested an EEOC hearing EEOC No.: 510-2020-00074X. More than 180 days have passed since the filing of the administrative complaint.

**Count I**
**(Retaliation)**

30.    Plaintiff, Rosa Sly sues Denis McDonough as Secretary of the Department of Veterans Affairs, for retaliation under Title VII.

31.    Plaintiff incorporates and re-alleges paragraphs 1 through 29.

32.    Plaintiff engaged in EEO activity which is protected under Title VII that included good faith opposition to unlawful discrimination as well as her participation in her own EEO case.

33.    Defendant was aware of Plaintiff's protected EEO activities.

34.    The aforesaid adverse employment actions, other adverse actions, misconduct, and other conduct, acts and omissions to the Plaintiff's detriment, were all taken (or failed to be taken) by administrators and managing and supervisory personnel with the Young VAHCS in retaliation for protected or EEO activity of the Plaintiff, including those set forth above. In the alternative, they were a factor

motivated by her EEO activity. They are the direct and proximate result of the EEO activity.

35. The Defendant, through the supervisors of the Plaintiff, has engaged in, directed, and/or ratified retaliatory conduct, and has frustrated the Plaintiff's efforts to obtain relief and intentionally maintained these retaliatory and unlawful practices to the detriment of its employees. The Defendant at all relevant times knew or should have known of the retaliatory actins being taken against the Plaintiff and failed to take necessary action to prevent or correct the retaliatory actions being taken and, in fact, ratified such conduct.

36. The Defendant, through acceptance of such conduct in this case and others, had fostered an attitude among administrators, managers and supervisors at the Young VAHCS that retaliation against employees in order to discourage protected EEO activity is an acceptable employment practice.

37. As a result of the foregoing, Plaintiff has been damaged. Those damages include, but are not limited to loss of pay; payment of attorney's fees and legal costs; and emotional distress.  Plaintiff will continue in the future to suffer these damages absent relief from this Court. Absent prospective relief, Plaintiff and other federal employees who file EEO cases in Federal Court will face an economic penalty for filing a case in Federal Court.

38.     Plaintiff has satisfied all conditions precedent to the filing of this suit or has been prevented by the Defendant from satisfying such conditions or is excused under the law from satisfying any other conditions.

WHEREFORE, Plaintiff requests prospective relief, a judgment for damages, attorney's fees and costs and such other further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, Rosa Sly hereby demands a trial by jury on all issues so triable.

Dated: August 18, 2022

                Respectfully submitted,

                */s/ Joseph D. Magri*
                Joseph D. Magri
                Florida Bar No.: 0814490
                Merkle & Magri, P.A.
                5601 Mariner Street, Suite 400
                Tampa, FL 33609
                Telephone: 813-281-9000
                Facsimile: 813-281-2223
                Email: jmagri@merklemagri.com